IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARRIN D. CAMPBELL,<br><br>    Plaintiff<br>v.<br><br>SUNRISE CREDIT SERVICES, INC.,<br><br>    Defendant | Case No. 8:14-cv-00026<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

### JURISDICTION

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

2.     This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant transacts business here.

### PARTIES

4.     Plaintiff Darrin D. Campbell is a natural person residing in Omaha, Douglas County, Nebraska.

5.     The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.     The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

7.     Defendant Sunrise Credit Services Inc., is a New York corporation operating from an address in Farmingdale, New York.

8. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The acts of the Defendant alleged in this Complaint were performed by its employees and/or agents, acting within the scope of actual or apparent authority.

10. All references to "Defendant" shall mean the Defendant or an employee or agent of the Defendant.

## FACTUAL ALLEGATIONS

11. Sometime before 2013, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by §1692a(5) of the Act, namely a financial obligation to AT & T Mobility in the amount of $677.93.

12. The account went into default with the original creditor.

13. Sometime thereafter the debt was consigned, placed or otherwise transferred to Defendant for collection.

## COLLECTION LETTER MAILED TO PLAINTIFF BY DEFENDANT

14. On or about January 29, 2013, the Defendant mailed a collection letter to Defendant. A copy of the letter, redacted to remove personal identifiers, is marked as Exhibit A and is attached to the complaint and incorporated herein by reference.

15. On the back of Exhibit A, the following states are listed, along with statements regarding debt collection under each state: California, Colorado, Massachusetts, Minnesota, Tennessee and Utah.

16. At all times relevant, Plaintiff lived in Omaha, Nebraska.

17. Nowhere in Exhibit A are the legal rights of consumers who reside in Nebraska, listed.

18. Exhibit A falsely implies that consumers in Nebraska do not have the same rights under the FDCPA as residents of the states of California or Colorado in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, amongst others.

19. The second page of Exhibit A under the heading "Massachusetts" states the following:

> You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the debt collector.

20. The foregoing statement is an incorrect statement of a consumer's rights under the FDCPA. A consumer may make an oral statement to a debt collector telling them that they are not allowed to receive phone calls at work regarding the collection of a debt and the debt collector is required to honor that request without any limitations of time or the need to send written confirmation. See 15 U.S.C. § 1692(c)(a)(1). See also *Austin v. Great Lakes Collection Bureau, Inc.*, 834 F. Supp 557 (D. Conn. 1993) (continued calls to the consumer at her place of employment, after the collector had been asked to cease such calls because they inconvenienced the consumer, violated § 1692(c)(a)(1)).

21. The statement made in paragraph 19 of the instant Complaint as quoted from Exhibit A, is a false and incorrect statement of consumers' rights under the FDCPA

and as such is in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, amongst others.

## CLAIMS

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of the Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

24. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

- for an award of statutory damages of $1,000.00 for the Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) for Plaintiff; and

- for such other and further relief as the Court may find to be just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all claims so triable.

Dated: January 28, 2014

           Darrin D. Campbell, Plaintiff

           By: /s/ Burke Smith
           Burke Smith, #19883
           Burke Smith Law
           10730 Pacific Street, Ste. 213
           Omaha, NE 68114
           Tel. (402) 718-8865
           Fax (402) 218-4391
           Burke@BurkeSmithLaw.com

           ATTORNEY FOR PLAINTIFF